[Cite as *State v. Perez*, 2017-Ohio-4410.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-719 |
| | | (C.P.C. No. 16CR-81) |
| Angela A. Perez, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on June 20, 2017

**On Brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On Brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Angela A. Perez is appealing from the awarding of restitution ordered in conjunction with the sentencing in her criminal case. She assigns a single error of our consideration:

> The trial court committed reversible error by ordering Defendant-Appellant to pay restitution without holding a hearing to resolve the dispute as to the appropriate amount of restitution and without determining Defendant-Appellant's ability to pay.

{¶ 2} At the time of her sentencing, Perez was ordered to pay restitution of $8,065. She and her counsel had contested the amount and the trial court judge stated that the amount of restitution would be whatever the prosecution said it was. The judge

also indicated that the amount of restitution could be changed later if Perez and her counsel provided proof of a different amount of restitution being appropriate.

{¶ 3}    The trial court did not carefully follow R.C. 2929.18(A)(1) which reads:

> Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.
>
> If the court imposes restitution, the court may order that the offender pay a surcharge of not more than five per cent of the amount of the restitution otherwise ordered to the entity responsible for collecting and processing restitution payments.

> The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate.

{¶ 4} The State of Ohio, in its appellate brief, has submitted the following response to the assignment of error:

> The trial court committed error in ordering restitution without conduc[t]ing a full hearing, once defendant objected to the amount.

{¶ 5} We agree with the parties. The trial court did not conduct a full hearing on the amount of restitution. We, therefore, sustain the assignment of error and vacate the judgment of the trial court as to restitution. We remand the case for a full hearing on the issues related to restitution.

*Judgment vacated and remanded as to restitution.*

SADLER and BRUNNER, JJ., concur.

_____